UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

FLY JJJ, LLC                                                                                              PLAINTIFF

v.                                              No. 2:22-cv-02128

ROSE AIRCRAFT SERVICES, INC.                                                            DEFENDANT

## OPINION AND ORDER

Before the Court is Defendant Rose Aircraft Services' motion (Doc. 20) to set aside the Clerk's entry of default (Doc. 16) and a brief in support (Doc. 22). Plaintiff Fly JJJ, LLC filed a response in opposition (Doc. 26). Fly JJJ has also moved for a default judgment (Doc. 17).

On August 10, 2022, Fly JJJ sued Rose Aircraft for breach of contract, negligence, and violation of the Arkansas Deceptive Trade Practices Act. (Doc. 2). Fly JJJ also sought a declaratory judgment regarding the parties' rights and duties under the contract. *Id.* Fly JJJ served Rose Aircraft on September 1, making the answer due on September 22. (Doc. 13). Rose Aircraft failed to appear, answer, or otherwise respond, and the Clerk entered default on September 28. (Doc. 16). Rose Aircraft now moves to set aside the default, arguing that its email to counsel about the complaint got stuck in counsel's junk email folder. (Doc. 20). One day after Rose Aircraft's counsel learned of the complaint, counsel entered their appearance (Doc. 19), moved to set aside the default (Doc. 20), and filed an answer (Doc. 23).

An entry of default may be set aside for good cause. Fed. R. Civ. P. 55(c). This stems from a strong preference for adjudication on the merits and an interest in preserving the "fundamental fairness of the adjudicatory process." *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993). As a default judgment has not been entered in this case, the Court need only determine whether good cause exists to set aside the Clerk's entry of default. "When examining whether good

cause exists, the district court should weigh whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) (internal quotation marks omitted). Setting aside a Clerk's entry of default for good cause does not require as strong a showing as setting aside a default judgment. *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998). A more lenient good cause standard is justified because "it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." *Id.*

Rose Aircraft's untimely response stems from an issue with its counsel's email system. (Doc. 22, p. 1). In considering whether Rose Aircraft Services' conduct is blameworthy or culpable, the Court distinguishes between "intentional delay[s]" and "marginal failure[s] to meet pleading or other deadlines." *Johnson*, 140 F.3d at 784. Rose Aircraft's counsel learned of this lawsuit on October 13th (Doc. 22, p. 1) and filed its motion to set aside the following day. (Doc. 20). The Eighth Circuit has previously held quickly curing a mistake shows only a marginal failure, allowing relief from default. *Johnson*, 140 F. 3d at 785; *see also Grant v. City of Blytheville*, 841 F.3d 767, 773 (8th Cir. 2016) (three-month delay was not culpable or blameworthy given the circumstances). Fly JJJ is correct that a busy schedule or internal administrative challenges is not excusable neglect that warrants setting aside a default judgment. *United States v. 2005 Chrysler 300C, VIN2C3AA63HX5H631206*, 382 F. App'x 531, 533 (8th Cir. 2010). But unlike in *2005 Chrysler* where the party's attorney knew of the complaint and then asked for three months' additional time to file, here Rose Aircraft's counsel filed an answer and moved to set aside

2

the default only a day after learning of the complaint. The Court finds Rose Aircraft caused only a marginal delay, so this factor weighs in favor of setting aside the default.

The Court must next consider whether the defaulting party has a meritorious defense and whether the other party will be prejudiced if the default were excused. *Stephenson*, 524 F.3d at 912. "Whether a meritorious defense exists is determined by examining whether the proffered evidence would permit a finding for the defaulting party." *Id.* at 914 (cleaned up). A district court does not err in setting aside default when a defaulting party sets forth a meritorious defense to the claims in its answer. *Grant*, 841 F.3d at 772–73. Rose Aircraft sets forth such a meritorious defense in its answer, disputing allegations that it breached its contract, negligently performed, and violated the Arkansas Deceptive Trade Practices Act. (Doc. 23). Moreover, there is a strong preference for adjudication on the merits. *Oberstar*, 987 F.2d at 504. Finally, Rose Aircraft's prompt attack on the entry of default—one day after learning of the default—demonstrates that Rose Aircraft wishes to defend the case on the merits. *See Johnson*, 140 F.3d at 784.

Fly JJJ will not be prejudiced if Rose Aircraft's default is excused. A party cannot show prejudice based on delay alone; rather, prejudice to the plaintiff must take a more concrete form, such as "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* at 785 (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). Fly JJJ argues that the Court should infer Rose Aircraft's past conduct will lead to Rose Aircraft not acting in good faith. (Doc. 26, p. 6). The Court is unwilling to make that inference, given that Rose Aircraft's counsel promptly responded once learning of the default and complaint. Moreover, allowing the case to proceed on the merits will not prejudice Fly JJJ because it has not lost any opportunity to conduct discovery or pursue its claims. The Court will be able to manage any

disputes through the discovery process and scheduling orders. The brief delay here does not amount to prejudice, and this factor weighs in favor of setting aside default.

This case is in an early posture and having Fly JJJ litigate and conduct discovery on the claims it raises is not prejudicial. *Johnson*, 140 F.3d at 785. Although Rose Aircraft is responsible for its own lack of diligence in failing to timely appear and answer or respond to the complaint, its culpability in this case does not appear to be strategic. Ultimately, these factors do not overcome the Court's strong preference for adjudication on the merits. The Court finds good cause to set aside Rose Aircraft's default.

IT IS THEREFORE ORDERED that Defendant Rose Aircraft Services' motion to set aside the entry of default (Doc. 20) is GRANTED, and the Clerk's entry of default (Doc. 16) is SET ASIDE.

IT IS FURTHER ORDERED that Fly JJJ's motion for default judgment (Doc. 17) is DENIED.

As Rose Aircraft Services has already filed its answer, an initial scheduling order will be entered separately.

IT IS SO ORDERED this 3rd day of November, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE